IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIS A. BRAILEY,

                                        Plaintiff,

        v.                                                      Civil Action Number 3:08cv365

ADVANCE AMERICA CASH ADVANCE
CENTERS OF VIRGINIA, INC.,

                                        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the *pro se* plaintiff's motion pursuant to Federal Rule of

Civil Procedure 59 for new trial or, in the alternative, for alteration or modification of judgment.[1]

The plaintiff raises two claims: (1) that the "Court erred in concluding that [the plaintiff] failed to

exhaust administrative remedies as concerns disparate impact claim" and (2) that the "Court failed

to address the pretrial concern [he] expressed that the electronic filing rules unconstitutionally

denied [him] equal access to the court and impermissibly favored the defendant."

This case was tried on July 22, 2009. On July 27, 2009, the Court issued Findings of Fact

and Conclusions of Law ("Decision"). With regard to plaintiff's motion, the Court found that the

plaintiff failed to exhaust his administrative remedies as required under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The Court also found that, because Brailey

failed to exhaust administrative remedies on his disparate impact claim, it lacked subject matter

jurisdiction over the claim. The Court also noted that even if subject matter jurisdiction existed, the

---

[1]The Court notes that although this motion was filed after the notice of appeal, the Court has
jurisdiction to rule on this motion, pursuant to Federal Rule of Appellate Procedure 4(a)(4).

disparate impact claim would fail as Brailey did not meet his burden on this claim in that he did not

identify a specific challenged employment practice or establish causation.  (Decision at 7).

Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial after a nonjury

trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal

court."  Fed. R. Civ. P. 59(a)(1)(B).  This rule has been interpreted as allowing a new trial to be

granted in a nonjury action "only if a new trial might be obtained under similar circumstances in a

jury action." *Diane Von Furstenberg Studio v. Snyder*, Case No. 1:06CV1356, 2007 WL 3003291,

at *2 (E.D. Va. Oct. 10, 2007) (quotations and citations omitted).  In a jury action, a district court

may set aside a jury's verdict and grant a new trial only if the verdict (1) "is against the clear weight

of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of

justice, even though there may be substantial evidence which would prevent the direction of a

verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir.

1996).  Under Rule 59(e), a party may make a motion to alter or amend a judgment under very

limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account

for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

Although the plaintiff argues that this Court should consider his Intake Questionnaire, the

Court already considered the Intake Questionnaire.  The Court found that "neither the Charge *nor*

*the Intake Questionnaire* identifies a facially neutral employment practice with a disproportionate

impact on a protected group." (Decision at 6) (emphasis added).  The Court also specifically

addressed sections five and six of the Intake Questionnaire. *Id.*

The plaintiff does not meet the standard of either Rule 59(a) or 59(e). First, the judgment in this case is not against the clear weight of the evidence or based upon false evidence. Second, the judgment does not result in a miscarriage of justice. Third, there has been no intervening change in controlling law. Fourth, there is no new evidence that was not available at trial. Finally, the plaintiff has not identified any clear error of law or manifest injustice. For these reasons, the plaintiff's motion will be denied.

Also, as noted, the Court already addressed the merits of the plaintiff's disparate impact claim, noting that even if subject matter jurisdiction existed, the disparate impact claim would fail.

Finally, the Court finds that the plaintiff's challenge to the electronic filing system is also without merit. First, this issue was not raised by the plaintiff by motion before the trial or during the trial. Therefore, it is waived. Second, the Court is aware of no prejudice suffered by the plaintiff as a result of the electronic filing system. Finally, the Court is aware of no case law that supports plaintiff's position that the electronic filing system is unconstitutional.

For all these reasons, the *pro se* plaintiff's motion pursuant to Federal Rule of Civil Procedure 59 for new trial or, in the alternative, for alteration or modification of judgment will be denied.

An appropriate Final Order shall issue.


August 21, 2009                                    /s/
DATE                          RICHARD L. WILLIAMS
                              SENIOR UNITED STATES DISTRICT JUDGE